

ORDERED in the Southern District of Florida on October 29, 2013.

TAGGED OPINION

UNITED STATES B_____
SOUTHERN DIST___
                                 Laurel M. Isicoff, Judge
                            United States Bankruptcy Court

In re                                       CASE NO. 13-14374-BKC-LMI

CHRISTIAN A. FERNANDEZ ,         Chapter 13

      Debtor.
_____/

**ORDER SUSTAINING IN PART AMENDED OBJECTION
TO DEBTOR'S MOTION TO VALUE**

       This matter came before the Court on the Debtor's Motion to Value (ECF # 52) and the Amended Objection to Debtor's Motion to Value filed by Douglas Grand Condominium Association, Inc. (ECF #61). The Court has reviewed the Motion, the Amended Objection, and considered the arguments presented by counsel.

### Facts and Procedural Background[1]

       The Debtor, Christian A. Fernandez (the "Debtor") and his former wife, Valeria, owned a condominium (the "Condo") located in a building in Miami, Florida known as the Douglas Grand. The ownership of the Condo includes the obligation to pay monthly assessments to the Douglas Grand Condominium Association, Inc. (the "Association"). Apparently neither the Debtor nor Valeria paid the assessments due because there was a foreclosure sale scheduled for March 23, 2012, in connection with a complaint that had been filed by the Association against

---

[1] The facts appear to be undisputed.

the Debtor and Valeria. However, the morning of the sale, Valeria filed a chapter 7 bankruptcy case. The foreclosure sale was canceled.

Valeria ultimately received her chapter 7 discharge. On July 26, 2012, Valeria quitclaimed her interest in the Condo to the Debtor. Valeria is no longer married to the Debtor.

The Debtor filed this chapter 13 bankruptcy case on February 27, 2013, and filed the Motion to Value alleging that the Association's lien can be stripped off because there is no equity in the Condo and the Association's lien is subordinate to the lien of the first mortgage. The Association countered that the lien cannot be stripped because Valeria also owes the Association fees for a period of about three months—from the date Valeria's chapter 7 petition was filed until the day Valeria quitclaimed the Condo to the Debtor—which obligation is secured by the Condo. Further, the Association disputes that there is no equity in the Condo. The Condo is the Debtor's homestead.

## Analysis

In the Southern District of Florida, courts have uniformly held that a debtor may not strip down or strip off a lien if the debtor is not the sole owner of the asset encumbered by the lien.[2] The Debtor argues that this rule does not apply to his Motion to Value because only he owns the Condo at this time. The Association counters that Valeria's lack of current ownership is not dispositive and the lien cannot be stripped because Valeria owes fees to the Association which are secured by the Condo. The Debtor and the Association are both wrong.

Florida law and the Declaration of Condominium of Douglas Grand[3] (the "Declaration") dictate the nature and extent of the Association's lien on the Condo. Florida Statute section

---

[2] *See In re Alvarez*, No. 11-44246 AJC, 2012 WL 1425097 (S.D. Fla. Apr. 24, 2012). *See also In re Hunter*, 284 B.R. 806 (Bankr. E.D. Va. 2002). *But see In re Strausbough*, 426 B.R. 243 (Bankr. E.D. Mich. 2010).
[3] At the Court's request, the Association filed a copy of the Declaration. *See* ECF #84.

718.116[4] and the Declaration[5] provide that any unit owner is liable for assessments that come due while a unit owner. That liability is secured by a lien on the condominium property.[6] In order to foreclose the lien, the Association must file a claim of lien in conformity with the statute. That claim of lien remains effective for one year, however, the one year is extended if a bankruptcy filing prevents a foreclosure.[7] That claim of lien "secures all unpaid assessments that are due and that may accrue after the claim of lien is recorded and through the entry of a final judgment. . . ."[8]

In this case, the three months of post-petition assessments owed by Valeria were not discharged by her bankruptcy. This obligation is a statutory *in personam* obligation secured by a lien on the Condo that relates back to when that indebtedness arose.[9] There is nothing in the Florida Statute or in the Declaration that alters Valeria's obligation or the Association's lien securing that obligation, just because Valeria divested herself of her ownership interest in the Condo. Thus, the Condo continues to secure Valeria's obligation to the Association.

The Debtor, as co-owner, and then as successor owner to Valeria, is jointly and severally liable to the Association for the unpaid assessments, including Valeria's "share" of the approximately three months of unpaid assessments for which Valeria is responsible.[10] All of the Debtor's obligations to the Association with respect to the assessments, whether or not jointly owed are also secured by a lien on the Condo. Assuming there is no equity in the Condo, the Debtor may be able to strip off the Association's lien to the extent that it secures his obligations

---

[4] Fla. Stat. §718.116 was amended effective July 1, 2011. Because all of the events relevant to this decision occurred after the statute was amended, the statute, as amended, applies.
[5] Declaration, subsection 14.1
[6] Fla. Stat. §718.116(5)(a); Declaration, subsection 14.1.
[7] Fla. Stat. §718.116(5)(b).
[8] *Id*.
[9] Fla. Stat. §718.116(5)(a)-(b).
[10] Fla. Stat. §718.116(1)(a); Declaration, subsection 14.1.

to the Association, but the Debtor cannot strip off that portion of the lien that secures Valeria's outstanding obligation to the Association.

Accordingly, the Association's objection is sustained in part, overruled in part, and continued in part. The Debtor may, assuming there is no equity in the Condo, strip off that portion of the Association's lien that secures his liability to the Association for assessments. The Debtor may not, however, impact the lien securing Valeria's obligations for the assessments for the period from March 23, 2012 to July 26, 2012.[11] Finally, the parties are directed to set a final evidentiary hearing, to the extent one is not already scheduled, to address the issue of valuation of the Condo and the amount of the first mortgage as of the Petition Date. Because the Debtor has argued the Condo is his primary residence, unless there is no equity in the Condo whatsoever, the Debtor will not be able to strip off the lien of the Association.

# # #

Copies to:
James Schwitalla, Esq.
Alejandro Sixto, Esq.

---

[11] *Accord In re Sain*, Case No. 13-13325-LMI (Bankr. S.D. Fla. 2013), in which this Court has held that a debtor cannot, by successfully "stripping off" a lien, eliminate the joint and several liability of a subsequent purchaser for assessments that remain unpaid by the selling debtor.